## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JACKIE LEE BANKS,

      Petitioner,

v.                            Case No. 05-CV-70201-DT
                                   Crim. No. 98-CR-81102-DT

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER REGARDING PETITIONER'S ELIGIBILITY FOR APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3006A

On January 18, 2005, Petitioner Jackie Lee Banks filed a motion to vacate his sentence under 28 U.S.C. § 2255. Respondent filed a written response to Petitioner's motion on April 27, 2005. Petitioner filed a reply on May 20, 2005.

In his first claim for relief under § 2255, Petitioner alleged that he received ineffective assistance of counsel during his plea and sentencing proceedings. During his re-sentencing, Petitioner claims that he did not read the Rule 11 plea agreement before signing it and that his trial counsel rushed him into signing it, promising him a probationary sentence. Petitioner's motion states that he "pleaded guilty to a Rule 11 plea agreement that his attorney *never went over with him*." (Pet'r's Mot. at 6 (emphasis added).)

In response to Petitioner's motion, the United States acknowledges that an evidentiary hearing is required on Petitioner's claims as to the timing and circumstances of his signing the Rule 11 plea agreement. *See McQueen v. United States*, No. 97-2114, 2000 WL 145387, at *1-2 (6th Cir. 2000). The United States argues that

presenting the testimony of Petitioner's trial counsel is required to show the fabricated nature of Petitioner's allegations.

The court agrees that an evidentiary hearing is required to resolve Petitioner's first claim, his claim of ineffective assistance related to the alleged failure of his trial counsel to review with Petitioner the Rule 11 plea agreement or the consequences of signing such an agreement. Rule 8(c) of the Rules Governing § 2255 Proceedings, however, may require the appointment of counsel. Rule 8(c) provides, in relevant part:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualified to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.

Rule 8(c), Rules Governing § 2255 Proceedings, 28 U.S.C.A. foll. § 2255.

Because the court has determined that an evidentiary hearing is required to resolve Petitioner's first claim in his § 2255 motion, it must appoint counsel to represent Petitioner during this hearing if Petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A. *Id.*; *see also Williams v. United States*, No. 98-3409, 1999 WL 506991, at *1 (6th Cir. June 10, 1999) (noting that a § 2255 petitioner was denied his statutory right to assistance of counsel at evidentiary hearing); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) ("All of the circuits that have discussed the issue agree that [Rule 8(c)] make the appoint of counsel mandatory when evidentiary hearings are required.") (citing cases).

Therefore, the court must determine whether Petitioner is financially, and otherwise, eligible for appointment of counsel under 18 U.S.C. § 3006A. *See United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993) (directing the district court to appoint

counsel under 18 U.S.C. § 3006A(a)(2)(B) if the criminal defendant petitioned for section 2255 relief and demonstrated continued financial eligibility).  Pursuant to 18 U.S.C. § 3006A(a), Petitioner would be entitled to the appointment of counsel upon a showing that he is "financially unable to obtain adequate representation."  Petitioner maintains the burden of demonstrating that he is financially eligible for free counsel, and the court should only appoint counsel if it is "satisfied after appropriate inquiry that the person is financially unable to obtain counsel."  *See* 18 U.S.C. § 3006A(b); *United States v. Kodzis*, 255 F. Supp. 2d 1140, 1143 (S.D. Cal. 2003)); *United States v. Ellsworth,* 547 F.2d 1096, 1098 (9th Cir.1976); *United States v. Gipson*, 517 F. Supp. 230, 231 (W.D. Mich. 1981) (financial inability does not mean indigency, but an inability to pay for counsel).

"It is not enough to *claim* inability to hire a lawyer and back up the claim with an affidavit; the statute provides for 'appropriate inquiry' into the veracity of that claim." *United States v. Quinlan*, 2223 F. Supp. 2d 816, 818 (E.D. Mich. 2002) (quoting *United States v. Bauer*, 956 F.2d 693, 694 (7th Cir. 1992)).  Accordingly,

IT IS ORDERED that Petitioner file a written response including affidavits and other evidence stating whether he qualifies for appointment of counsel under 18 U.S.C. § 3006A **no later than July 18, 2005.**

IT IS FURTHER ORDERED that the government may file a written response **no later than July 25, 2005**.  After resolving Petitioner's eligibility for appointment of counsel, the court will set a date for an evidentiary hearing.

 S/Robert H. Cleland
 ROBERT H. CLELAND
 UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2005

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522