UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 98-CR-81102-DT

JACKIE LEE BANKS,

    Defendant.
                                                   /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION TO REVOKE SUPERVISED RELEASE"**

      Before the court is Defendant Jackie Lee Banks's *pro se* "Motion to Revoke Supervised Release." In his motion, Defendant "ask[s] this Honorable Court to revoke his supervised release and order that he serve a portion of the violation in prison and kill the rest." (Def.'s Mot. at 2.) Defendant contends that he "has no where [sic] to live, no money saved, the Bureau of Prisons has denied placement and denied Defendant the fair opportunity to adjust and prepare for re-establishment in the community in violation of Title 18 U.S.C. §§ 3621(b) and 3624(c)." (*Id.*) Defendant further claims that he "cannot [be] release[d] directly [in]to the street[s] because he has no resources to get clothes or a place to live, which place[s] him directly in violation of the conditions of supervision." (*Id.*)

      Defendant cites no authority to support his requested relief. The statues Defendant cites detail the responsibilities of the Bureau of Prisons ("BOP"). Even assuming, however, that Defendant can establish that the BOP has failed to follow the statutes' requirements, there is no statutory provision permitting a court to revoke a

defendant's supervised release as a remedy.[1]  Moreover, Defendant is primarily concerned with his ability to assimilate into society after his release.  These concerns are addressed in 18 U.S.C. § 3624(d), which requires the BOP to provide Defendant with "suitable clothing," "an amount of money," and "transportation," upon Defendant's release.

In any event, Defendant's concerns do not provide a basis for ordering additional imprisonment in lieu of supervised release.  Defendant has therefore failed to show that the court should, or is able to, revoke Defendant's supervised release under these circumstances.[2]  Accordingly,

IT IS ORDERED that Defendant's "Motion to Revoke Supervised Release" [Dkt. #108] is DENIED.

      S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[1] The court does have the authority to revoke a defendant's term of supervised release under 18 U.S.C. § 3583(e)(3), but only "after considering the factors set forth in section 3553," and after the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  This statutory provision is inapplicable here because Defendant has not even been released from prison.

[2] The court will nonetheless forward Defendant's concerns to the Probation Department for their information.