**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 98-CR-81102

JACKIE LEE BANKS,

    Defendant.
                                                   /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO TRANSFER
SUPERVISION AND TO MODIFY TERMS OF SUPERVISION"**

Before the court is Defendant Jackie Lee Banks' *pro se* "Motion to Transfer Supervision and Modify Terms of Supervision." Neither party has submitted a brief in support of their position. In his motion, Defendant "ask[s] this Honorable Court to transfer his five (5) years term of supervision to the Western District of Louisiana, the Alexandria United States Probation Office and to modify his term of supervision to include that the first 60 days be served in a Residential Re-entry Center (Halfway House)." (Def.'s Mot. at 1.) Defendant contends that, as a result of his cooperation with the U.S. Attorney's Office, his life would be placed in danger "if he tries to come back to live in Michigan." (*Id.* at 2.) Defendant further maintains that he "was denied the opportunity to adjust to and prepare for re-entry into the community by [the U.S. Bureau of Prisons ("BOP")] staff['s] failure to place him in the Halfway House, that he has nowhere to live, and no money saved to re-establish himself into the community." (*Id.*)

Defendant cites no authority to support his requested relief, nor is this court aware of any binding authority on the issue.  Moreover, on facts almost identical to those present here, the United States District Court for the District of Maine considered and rejected the defendant's argument that 18 U.S.C. § 3605 provides district courts with the authority to grant a request to transfer supervision.  *See United States v. Fuller*, 211 F. Supp. 2d 204 (D.Me. 2002).

Even if the court had the authority to reach the merits of Defendant's motion, the court is not persuaded by Defendant's arguments in favor of a transfer of supervision to Louisiana.  He maintains only that his life would be in danger if he were to live in Michigan after his release.  He identifies no specific threats to his life, nor makes any effort to explain how such threats would be eliminated if he were transferred to Louisiana.  Furthermore, even if Defendant's concerns for his safety were localized in Michigan and "realistic enough to justify a precipitous decision requiring his removal from the state," *Fuller*, 211 F. Supp. 2d at 206, Defendant has already been offered the opportunity to transfer to Alabama, and he needs only to accept the transfer.

Defendant also requests that the court modify the conditions of his supervised release by ordering that "at least the first 60 days be served in a Halfway House (Residential Re-entry Center) to afford him an opportunity to get a place to live and in the interest of justice." (Def.'s Mot. at 3.)  The court has already had the opportunity to address Defendant's concerns about his ability to assimilate into society after his release.  In its "Opinion and Order Denying Defendant's 'Motion to Revoke Supervised Release,'" dated February 9, 2007, the court explained that "[t]hese concerns are addressed in 18 U.S.C. § 3624(d), which requires the BOP to provide Defendant with

2

'suitable clothing,' 'an amount of money,' and 'transportation,' upon Defendant's release." (2/9/07 Order at 2.) Furthermore, Defendant alleges no wrongdoing by the BOP in denying him occupancy in a "halfway house." The confidence of the public in the criminal justice system depends in large part upon the ability of prison officials to regulate internal matters with a free hand. They are in a far better position than this court is to evaluate the needs of the prison system, of which "halfway houses" are a constituent part. Accordingly,

IT IS ORDERED that Defendant's "Motion to Transfer Supervision and to Modify Terms of Supervision" [Dkt # 110] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: July 10, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 10, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\98-81102.BANKS.DenyMotTransSupervision.wpd

3